FILED

AUG 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMESH PATEL, | No. 09-72300 |
| Petitioner, | Agency No. A099-577-314 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2011[**]
San Francisco, California

Before:  HUG, SKOPIL, and BEEZER, Circuit Judges.

Ramesh Patel ("Patel") is a native and citizen of India who is on his second

journey through the American immigration system.  His first journey ended when

he withdrew his asylum application and accepted voluntary departure.  He now

appeals the Board of Immigration Appeals' ("BIA") refusal to allow him to adjust

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

his status because he failed to depart during his allotted period.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We deny his petition for review.

"Where the BIA conducts its own review of the evidence and law, appellate review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted."  *Chawla v. Holder*, 599 F.3d 998, 1000 (9th Cir. 2010).  The court reviews the BIA's factual findings for substantial evidence.  *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009).

If Patel did not depart within the specified period, he is ineligible to adjust his status.  8 U.S.C. § 1229c(d).  Patel bears "the burden of proof to establish that . . . [he] satisfies the applicable eligibility requirements; and . . . that [he] merits a favorable exercise of discretion."  8 U.S.C. § 1229a(c)(4)(A).  Here,  Patel offered unverified copies of (1) a receipt for an airline ticket, (2) a stamp in a passport, and (3) a customs receipt from India.  The Government countered with (1) a statement from the airline that Patel did not travel on their airplane; and (2) a final administrative decision that Patel breached his voluntary departure bond by not leaving during the allotted time.

---

[1]  Earlier in these proceedings, Patel also sought asylum, withholding of removal and protection under the United Nations Convention Against Torture, but he has waived those claims before this court.  *Zetino v. Holder*, 622 F.3d 1007, 1011 n.1 (9th Cir. 2010) (citing *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996)).

We conclude Patel's evidence could support but does not compel "any reasonable adjudicator" to decide in his favor.  8 U.S.C. § 1252(b)(4)(B).  Therefore, the BIA's factual finding that Patel did not comply with the terms of his voluntary departure is conclusive.  *Id.*

PETITION DENIED.